Folk *v.* Russell.

---

## H. B. Folk *v.* F. B. Russell, adm'r.

1. STATUTE OF LIMITATIONS. *Payment. Admits what.* The endorsement of a payment on a note by one of the payors after maturity, is only an admission of the justice of the same to the extent of the payment, and without other admissions or acknowledgments, would not arrest the running of the statute of limitations.

Case cited: Lock and wife *v.* Wilson, 10 Heis., 441.

2. SAME. *Partnership dissolution. Effect of.* Nor would an agreement, on the dissolution of a firm, that one of the partners should take the assets and pay the liability of the firm, no particular debts of the firm being specified in the agreement, prevent the running of the statute upon debts due third persons, and admissions or promises made by the partner continuing in business as to the payment of the firm notes, under these circumstances, will not bind the retired partner, notice of the dissolution being given.

---

FROM HAYWOOD.

---

Appeal from the Circuit Court. G. B. BLACK, Judge.

Folk v. Russell.

H. B. FOLK for plaintiff.

LEA & LIVINGSTON for defendant.

DEADERICK, J., delivered the opinion of the court.

This is an action of debt against McCormick upon a promissory note made by C. Buck & Co., defendant being a member of said firm. The note was dated 11th August, 1858, and fell due six months after date, and was signed also by R. M. Balch, Philip Yancy and Robt. S. Thomas. The suit was brought in the Circuit Court of Haywood county, 11th July, 1871. Defendant relied upon the plea of the statute of limitations of six years. Verdict and judgment were in favor of defendant, and plaintiff appealed in error to this court.

Several credits appear to have been endorsed upon the note—amongst others, one for $292.46, on 1st of January, 1862; one for $150, on 24th April, 1865; and one for $307.18, on 8th March, 1866. The three credits upon the note specified were entered upon it by the defendant McCormick.

McCormick & Buck dissolved their partnership on July 1st, 1860. Buck bought McCormick's interest in the stock and debts, etc., and agreed to pay him $6,000, and assumed all the debts of the firm. McCormick left the store, and returned again as clerk for Buck in 1861, Buck continuing in business in his own name until 1864 or 1865, when a new partnership was formed under the style of Buck & Co., McCormick continuing as a clerk in Buck's service,

and as clerk for Buck, wrote the three receipts mentioned upon the note. He did not pay the money specified in these receipts, and never made any payments upon said note, nor did he consider himself liable to pay it, and never had anything to do with the business of Buck, or Buck & Co., after July 1, 1860, except as a clerk. It does not appear that McCormick ever made any acknowledgment of, or promise to pay, said note after its execution, or had any connection with the payments made upon it, other than, as clerk in the service of Buck, to write the receipt for the payments made, as it would seem, by Buck. At that time, it is proved by McCormick, he did not feel bound upon the note; and Thomas, who was security upon the note, and had paid a part of the debt out of notes transferred to him by Buck, stated that he had no recollection of ever having had any conversation with McCormick about the note, as McCormick seemed indifferent about it.

However these several payments, with their attending circumstances, might affect Buck, admissions or promises made by him after the dissolution of the partnership, of which notice has been given, would not bind McCormick.

The Circuit Judge charged the jury that a payment of part of a note is not an acknowledgment of the justness of the balance, or a promise to pay any balance. There is no error in this charge. It is in accordance with the opinion of this court in the case of *Locke and wife* v. *Wilson*, 10 Heis., 441, where it was said, the fact of payment alone, without

38—VOL. 7.

other acknowledgment or promise, amounts only to an acknowledgment of indebtedness to the extent of such payment.

But in this case no payment was in fact at any time made by McCormick. Buck made the payment, and no acknowledgment or promise by McCormick, or by Buck in his presence, is proved; on the contrary, McCormick testifies he did not pay, or feel bound to pay, anything upon said note, and all the attending circumstances show that McCormick did not intend to pay, or make any promise to pay, said note, or consider himself bound to do so. There was no error in the refusal of the court to charge as requested by plaintiff.

In July, 1860, the partnership between Buck & McCormick terminated, upon the terms that Buck was to take the assets and pay the liability of the firm. Nothing was said about the debt sued on, or any other specific debt. Such an agreement of dissolution between the partners would not arrest the running of the statute of limitations upon debts they owed to third persons.

Upon the whole, we see no error in the record, and affirm the judgment.